## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAN (UK) LIMITED (F/K/A GAMEACCOUNT NETWORK, PLC, GAN PLC, AND GAN (UK) PLC), <br><br> Plaintiff, <br><br> vs. <br><br> MGM RESORTS INTERNATIONAL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. _____ <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

For its Complaint against Defendant MGM Resorts International ("MGM"), Plaintiff GAN (UK) Limited (f/k/a GameAccount Network, PLC, GAN plc, and GAN (UK) plc) ("GAN") alleges that:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. MGM has infringed and continues to infringe, directly and/or indirectly, U.S. Patent No. 8,821,296 C1 ("the '296 Patent") in violation of 35 U.S.C. §§ 271(a), (b) and/or (c).

## PARTIES

2. Plaintiff GAN is a United Kingdom Limited Company with a principal place of business located at 125 Kensington High Street, London W8 5SF, United Kingdom. GAN is a leading business-to-business supplier of internet gaming software-as-a-service solutions to the U.S. land-based casino industry.

3. Defendant MGM is a Delaware corporation with a principal place of business located at 3600 Las Vegas Blvd., S., Las Vegas, NV 89109.

4. MGM directly or indirectly develops, designs, manufactures, uses, distributes, markets, provides, offers to sell, and/or sells products and services in the United States, including providing loyalty or reward accounts for its casino-based and online gaming customers and linking its customers' casino account with the customers' online gaming account to enable sharing of loyalty credits and/or rewards.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

6. MGM is subject to personal jurisdiction in this District based upon its purposeful, systematic and continuous contacts with Delaware, including at least its formation under the laws of the State of Delaware.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and/or 1400(b) because MGM is formed under the laws of the State of Delaware and therefore resides in this District and is subject to personal jurisdiction in this District.

## FACTS

8. This case is a patent infringement lawsuit directed to MGM's past and continued infringement of the '296 Patent. The '296 Patent is valid, enforceable and currently in full force and effect.

9. On September 2, 2014, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 8,821,296 B1, entitled "Network Gaming System and Casino Management System Link." A true and correct copy of U.S. Patent No. 8,821,296 B1 is attached as Exhibit 1 hereto.

10. U.S. Patent No. 8,821,296 B1 was subject to an ex parte reexamination. On March 13, 2017, U.S. Patent No. 8,821,296 B1 was affirmed and received a reexamination certificate, resulting in a new number 8,821,296 C1 ("the '296 Patent"). A true and correct copy of the '296 Patent is attached as Exhibit 2 hereto.

11. GAN is the owner by assignment of all right, title and interest in the '296 Patent. For patented articles made, sold, or offered for sale within the United States under the '296 Patent, GAN has fixed thereon or required to be fixed thereon the word "patent" together with the number of the patent.

12. GAN is a full-service business-to-business supplier of internet gaming software-as-a-service solutions to the land-based casino industry. GAN has developed a proprietary internet gaming enterprise software system, GameSTACK™, which it licenses to land-based casino operators as a turnkey technology solution for real-money and social online gaming. The GameSTACK™ system incorporates technology described and claimed in the '296 Patent.

13. The '296 Patent claims specific technologic improvements over prior land-based loyalty rewards systems or patron data management and is directed to technologies connecting Internet-based gaming system networks with one or more casino management systems for managing patron data, loyalty programs and other data. The elements and combination of elements of the '296 Patent's claims were not well-understood, routine, or conventional to a skilled artisan in the field prior to the inventions disclosed therein.

14. The '296 Patent claims are not directed to a method of organizing human activity, nor are they directed to mental processes. Rather, the patented systems and methods overcome technical problems—interconnecting a network-based gaming system with a casino management system to communicate loyalty credit information between a patron's online gaming account and

the patron's account with the casino management system. Further, the claims are narrowly drawn, for example by requiring a server to determine whether a patron who is online gaming has a second account with a casino management system, by determining and communicating whether loyalty credits are transferrable, and then by transmitting loyalty credits from the patron's account with the online gaming service to the patron's account with the casino management system based upon availability of credits in the patron's online account and patron's input.

15. In short, the technology claimed in the '296 Patent addresses a technical challenge of interconnecting an online gaming system with a land-based casino management system to determine whether a patron's online gaming account loyalty credits are transferrable to a land-based casino management system and, if so, transmitting the credits. Thus, the '296 Patent describes systems and methods that improve a patron's gaming experience by technological improvements to the relevant art.

16. GAN has suffered damages as a result of MGM's infringement of the '296 Patent.

## COUNT ONE
## Infringement of the '296 Patent

17. GAN incorporates the foregoing paragraphs by reference as though set forth fully herein.

18. MGM makes, distributes, uses, offers to sell and/or sells in the United States, and/or by importing in the United States, certain methods, products and systems that infringe various claims of the '296 Patent, including but not limited to its methods, products, and systems for communicating loyalty credit information between a user's account with a casino management system (i.e., an M Life Rewards account) and the user's account with an online gaming service (i.e., a BetMGM account) (collectively "the Accused System").

19.     More specifically and without limitation, MGM has been and is directly infringing pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, at least Claims 1, 11 and 18 of the '296 Patent by making, distributing, using, offering to sell and/or selling the Accused System in the United States.

20.     The manner in which MGM has been and is directly infringing at least Claims 1, 11 and 18 of the '296 Patent is set forth in the charts attached hereto as Exhibit 3.

21.     In addition, MGM actively induces others including without limitation customers and end users of the Accused System, services based thereupon, and related products and/or processes, to directly infringe each claim limitation, including without limitation Claims 1, 11 and 18 of the '296 Patent, in violation of 35 U.S.C. § 271(b). Upon information and belief, MGM's customers and/or end users have directly infringed and are directly infringing each claim limitation, including without limitation Claims 1, 11 and 18 of the '296 Patent.

22.     In addition, in violation of 35 U.S.C. § 271(c), MGM has contributed and is contributing to the infringement of each claim limitation, including without limitation Claims 1, 11 and 18 of the '296 Patent, by, *inter alia*, distributing, marketing and selling the Accused System.

23.     MGM's acts constitute contributory infringement of the '296 Patent because, among other reasons, MGM has distributed, marketed, offered to sell and sold, within the United States, the Accused System, which is not a staple article or commodity of commerce suitable for non-infringing use and is known by MGM to be especially made or especially adapted for use in infringement of the '296 Patent. As a result, use of the Accused System by MGM's customers and users directly infringes the '296 Patent.

24.     MGM's acts constitute induced and/or contributory infringement of the '296 Patent because, among other reasons, MGM has had actual knowledge of the '296 Patent since at least as

early as 2016 when MGM became aware of the '296 Patent through a contemplated business relationship between MGM and GAN involving GAN's online gaming software-as-a-service solutions.

25. MGM's acts constitute willful infringement of the '296 Patent because, among other reasons, MGM has had actual knowledge of the '296 Patent since at least as early as 2016 when MGM became aware of the '296 Patent through a contemplated business relationship between MGM and GAN involving GAN's online gaming software-as-a-service solutions. Further, MGM has had actual notice that its Accused System infringes the '296 Patent for at least the reason that MGM was served with this Complaint. MGM's infringing acts therefore have been and are willful and GAN is therefore entitled to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

26. MGM does not have a license or permission to use the '296 Patent.

27. Upon information and belief, MGM has derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount not presently known to GAN. MGM's infringing acts have caused damage to GAN, and GAN is entitled to monetary relief in an amount to be determined at trial.

28. As a result of MGM's infringement of the '296 Patent, GAN has suffered and will continue to suffer damages, in an amount not yet determined, of at least a reasonable royalty, together with interest and costs as fixed by the Court.

29. MGM will continue to infringe the '296 Patent unless permanently enjoined by this Court. As a result of MGM's infringing conduct, GAN has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. GAN is therefore entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, GAN prays for judgment in its favor against MGM:

    A.    An Order adjudging MGM to have infringed the '296 Patent under 35 U.S.C. §§ 271(a), (b) and/or (c);

    B.    An Order adjudging that MGM's infringement of the '296 Patent has been willful;

    C.    An award of damages adequate to compensate GAN for MGM's infringement;

    D.    An Order that MGM and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are permanently restrained and enjoined from continued acts of infringement of the '296 Patent;

    E.    An Order for trebling of damages and/or exemplary damages pursuant to 35 U.S.C. § 284 because of MGMt's willful infringement;

    F.    An Order adjudging that this is an exceptional case under 35 U.S.C. § 285;

    G.    An award to GAN of its costs and attorneys' fees;

    H.    An award of pre-judgement and post-judgment interest and costs;

    I.    Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

GAN demands a trial by jury on all issues so triable.

*[SIGNATURE PAGE FOLLOWS.]*

Dated: March 21, 2022

Respectfully submitted,

/s/ Monté T. Squire
Monté T. Squire (No. 4764)
**DUANE MORRIS LLP**
1201 N. Market St., Suite 501
Wilmington, DE 19801-1659
mtsquire@duanemorris.com

Of Counsel:

Thomas W. Sankey (to be admitted *pro hac vice*)
Diana M. Sangalli (to be admitted *pro hac vice*)
**DUANE MORRIS LLP**
1330 Post Oak Blvd., Suite 1800
Houston, TX 77056-3166
twsankey@duanemorris.com
dmsangalli@duanemorris.com

Samuel W. Apicelli (to be admitted *pro hac vice*)
Brianna M. Vinci (to be admitted *pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
swapicelli@duanemorris.com
bvinci@duanemorris.com

*Counsel for Plaintiff GAN (UK) Limited*